**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

EUGENE A. NOCK,

     Plaintiff,

v.                               Case No: 8:23-cv-857-CEH-AAS

AMERICAN SECURITY
INSURANCE COMPANY,

     Defendant.

_____/

## O R D E R

    This matter comes before the Court on Plaintiff Eugene Nock's Unopposed Amended Motion to Remand (Doc. 14), filed on May 9, 2023. In the motion, Plaintiff requests the Court remand this action to the Twelfth Judicial Circuit[1] in and for Manatee County, Florida due to lack of jurisdiction. Defendant, American Security Insurance Company, does not oppose the motion. The Court, having considered the motion and being fully advised in the premises, will grant Plaintiff's Unopposed Amended Motion to Remand.

### DISCUSSION

    On May 10, 2023, Plaintiff initiated this action in the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida, by filing a one-count

---

[1] Although Plaintiff makes reference to remanding the case to the 17th Judicial Circuit, in and for Broward County, *see* Doc. 14 at 1, this action was filed in and removed from the Twelfth Judicial Circuit, in and for Manatee County, and the Plaintiff's request in the motion's conclusion is for the case to be remanded to the Twelfth Judicial Circuit. Doc. 14 at 3.

Complaint for breach of contract against his insurance carrier, Defendant American Security Insurance Company. Doc. 1-1. On April 19, 2023, Defendant removed the action to this Court seeking to invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1. In the Notice of Removal, Defendant indicates that it is a Delaware corporation with its principal place of business in Atlanta, Georgia, and Plaintiff is a citizen of Florida. *Id.* at 2. Defendant represents that the jurisdictional amount in controversy is satisfied because Plaintiff submitted a pre-suit demand that included an estimate of damages of $247,499.34. Plaintiff files an unopposed motion to remand stating he has stipulated that the amount in controversy does not exceed the $75,000 jurisdictional threshold.

"The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). "Federal courts are courts of limited jurisdiction." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). And "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1)-(3). For diversity jurisdiction to exist under 28 U.S.C. § 1332, each defendant must be diverse from each plaintiff. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978) ("Congress has established the basic rule that diversity jurisdiction exists under 28

U.S.C. § 1332 only when there is complete diversity of citizenship."). 28 U.S.C. § 1441(a) permits a defendant to remove, as a general matter, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction ...."  "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)).

Here, Plaintiff stipulates that his damages do not exceed $75,000, and the removing Defendant does not argue to the contrary. Thus, the jurisdictional threshold is not met, and jurisdiction is lacking. Where the court lacks subject matter jurisdiction over a removed action, remand to state court is required under 28 U.S.C. § 1447(c). *See also* Fed. R. Civ. P. 12 (h)(3). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly," and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala.*, 168 F.3d at 411. Accordingly, it is hereby

**ORDERED:**

1.     Plaintiff's Unopposed Amended Motion to Remand (Doc. 14) is **GRANTED**.

2.     This case is **REMANDED** to the Circuit Court for the Twelfth Judicial Circuit, in and for Manatee County, Florida.

3.     The Clerk is directed to transmit a certified copy of this Order to the Clerk of the Twelfth Judicial Circuit Court, in and for Manatee County, Florida.

3

4.     The Clerk is further directed to terminate any pending motions and deadlines and **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on May 16, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any